United States District Court
Southern District of Texas
**ENTERED**
December 06, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **DEBORAH NORRIS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 4:23-CV-752** |
| | § | |
| **SAAFE HOUSE,** | § | |
| | § | |
| **Defendant.** | § | |

## MEMORANDUM OPINION

Pending before the Court[1] is Defendant's Motion to Dismiss Plaintiff's Original Complaint (Dkt. No. 18) and Defendant's Opposed Motion for Extension of Time to Reply to Plaintiff's Response in Opposition to Defendant's Motion to Dismiss (Dkt. No. 24.) The Court has considered the motions, all other relevant filings, and the applicable law. For the reasons set forth below, the Court **GRANTS** Defendant's Motion to Dismiss (Dkt. No. 18), **DENIES AS MOOT** Defendant's Opposed Motion for Extension of Time (Dkt. No. 24), and **GRANTS** Plaintiff **LEAVE TO AMEND**.

**I. BACKGROUND**

Plaintiff Deborah Norris ("Plaintiff") filed this suit against Defendant Saafe House ("Defendant") on February 28, 2023. (Dkt. No. 1.) Plaintiff asserts she is an African American female who is over the age of sixty and disabled. (*Id.* at ¶ 8.) Defendant hired Plaintiff in July 2019 after doing years of volunteer work for Defendant. (*Id.* at ¶ 11.) Plaintiff alleges that during the

---

[1] The parties consented to proceed before the Undersigned Magistrate Judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Dkt. No. 17.)

course of her employment, she made multiple complaints to her superiors regarding discrimination and harassment. (*Id.* at ¶ 14.) Plaintiff was subsequently terminated from employment on or about June 10, 2022. (*Id.* at ¶ 25.)

Plaintiff asserts claims of age discrimination under the Age Discrimination Employment Act ("ADEA") pursuant to 29 U.S.C. § 623(a); discrimination, retaliation, coercion, and interference under the Americans with Disabilities Act ("ADA") of 2008, as amended, pursuant to 42 U.S.C. §§ 12101, 12203(a), (b); failure to accommodate under 42 U.S.C. § 12182; racial discrimination under 42 U.S.C. § 2000(e) and Title VII of the Civil Rights Act of 1964 ("Title VII"); retaliation under Title VII, the ADA, and, the ADEA; and hostile work environment. (*Id.* at ¶¶ 41-78.)

## II.   LEGAL STANDARD

Rule 12(b)(6) allows defendants to move to dismiss a complaint based on failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although a complaint need not contain detailed factual allegations, it "must provide the plaintiff's grounds for entitlement to relief—including factual allegations that . . . raise a right to relief above the speculative level." *Wilson v. Houston Cmty. Coll. Sys.*, 955 F.3d 490, 500 (5th Cir. 2020) (quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Winn v. Cleburne Indep. Sch. Dist.*, No. 3:18-CV-02949-E, 2020 WL 5291941, at *3 (N.D. Tex. Sept. 3, 2020) (quoting *Iqbal*,

556 U.S. at 678). Thus, a claim "is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019).

A court must accept "all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009) (quotations omitted). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)). Dismissal is proper only if the plaintiff's complaint: (1) does not include a cognizable legal theory, or (2) includes a cognizable legal theory but fails to plead enough facts to state a claim to relief that is plausible on its face. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Frith v. Guardian Life Ins. Co.*, 9 F. Supp. 2d 734, 737–38 (S.D. Tex. 1998) (holding that dismissal pursuant to Rule 12(b)(6) "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory").

"Generally, a court ruling on a motion to dismiss may rely on only the complaint and its proper attachments." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citing *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir.2006)). "A court is permitted, however, to rely on 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Id.* (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). "Because the court reviews only the well-pleaded facts in the complaint, it

may not consider new factual allegations made outside the complaint." *Id.* (citing *Fin. Acquisition Partners LP*, 440 F.3d at 289). "New factual allegations in briefs are not appropriately considered on a motion to dismiss—our focus is on the allegations and materials referred to in the complaint itself." *Wilhite v. Harvey*, 861 F. App'x 588, 591 n.5 (5th Cir. 2021) (citing *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019)).

### III. DISCUSSION

Defendant argues Plaintiff's case should be dismissed under Rule 12(b)(6) for failure to state a claim for (1) age discrimination under the ADEA; (2) discrimination or failure to accommodate under the ADA; (3) racial discrimination under Title VII; (4) hostile work environment; and (5) retaliation under the ADEA, ADA, and Title VII. (Dkt. No. 18 at 3-15.) Plaintiff contends that each cause of action is supported by factual allegations. (Dkt. No. 23 at 2-3.)

#### a. Age Discrimination

To establish a prima facie case of age discrimination, a plaintiff must allege facts to show that "(1) [s]he was discharged; (2) [s]he was qualified for the position; (3) [s]he was within the protected class at the time of discharge; and (4) [s]he was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of h[er] age." *Berquist v. Washington Mut. Bank*, 500 F.3d 344, 349 (5th Cir. 2007) (quoting *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 309 (5th Cir. 2004)) (internal quotations omitted). Defendant argues that Plaintiff has failed to allege she was qualified for the position and that Plaintiff failed to allege she was either replaced by someone outside the protected class, replaced by someone younger, or otherwise discharged because of his age. (Dkt. No. 18 at 3.)

Defendant claims that Plaintiff has not offered any facts to prove she was "fit for the

position" but rather "Plaintiff offers legitimate reasons for Plaintiff's dismissal" when she applied for unemployment benefits through the Texas Workforce Commission ("TWC"). (Dkt. No. 18 at 4.; Dkt. No. 29 at 3; Dkt. No. 1 at ¶ 31.) However, Defendant misconstrues the allegation made by Plaintiff by stating that Plaintiff made a judicial admission in the complaint alleging that "Defendant fired Plaintiff because Plaintiff forced women to use their SNAP benefits in the shelter, Plaintiff refused to shelter clients with ADHD, and hired unlicensed contractors." (Dkt. No. 29 at 3.) In actuality, Plaintiff alleges that "[d]uring [her] TWC interview, she was informed by the TWC that [Defendant] had stated that her termination was due to the Plaintiff 'forcing women to use their SNAP benefits in the shelter, refusal to shelter clients with ADHD, and hiring unlicensed contractors.'"[2] (Dkt. No. 1 at ¶ 31.) Plaintiff merely acknowledges that she was informed of Defendant's reasons for termination and did not make a judicial admission because she did not concede or stipulate that she was terminated for such conduct. *Martinez v. Bally's Louisiana, Inc.*, 244 F.3d 474, 476 (5th Cir. 2001) ("A judicial admission is a formal concession in the pleadings or stipulations by a party or counsel that is binding on the party making them.").

Accepting the facts as true and considering them in the light most favorable to Plaintiff, Plaintiff has sufficiently plead that she is qualified for the position. (Dkt. No. 1.) Plaintiff alleges that she volunteered for years for Defendant and was subsequently hired after she was vetted by Defendant. (*Id.* at ¶¶ 9-11.) Additionally, Plaintiff has plead that she had no negative work history while working with Defendant until she complained of discrimination and hostile work

---

[2] Plaintiff further states that the TWC found that there was no misconduct on Plaintiff's behalf. (Dkt. No. 18 at 3.) "Under Texas law, the Texas Workforce Commission's findings and conclusions may not be used as evidence in lawsuits, except for suits brought to enforce unemployment benefits." *Williams v. Aviall Servs. Inc.*, 76 F. App'x 534, 536 (5th Cir. 2003) (citing TEX. LAB. CODE § 213.007). As such, Plaintiff's assertion that the TWC found Plaintiff committed no misconduct may not be used as evidence in the instant case.

environment. (*Id.* at ¶ 10.) Plaintiff alleges that during an interview with the TWC, "she was informed by the TWC that [Defendant] had stated that her termination was due to the Plaintiff 'forcing women to use their SNAP benefits in the shelter, refusal to shelter clients with ADHD, and hiring unlicensed contractors.'" (*Id.* at ¶ 31.) As established, this acknowledgment by Plaintiff is not a judicial admission because the veracity of the statement has not been stipulated or conceded by Plaintiff. As such, the Court finds that Plaintiff has sufficiently alleged that she is qualified for the position.

Next, Defendant argues that Plaintiff fails to allege that she was replaced by someone outside the protected class, replaced by someone younger, or otherwise discharged because of her age. (Dkt. No. 18 at 3.) Plaintiff fails to sufficiently allege that she was replaced by someone either outside the protected class or by someone younger than herself. (Dkt. No. 1 at ¶¶ 8-44.) Plaintiff merely states that "[h]er direct comparators include co-workers under 40 years of age at the time of issue – or at the very least, younger than 60 years of age[,]" which does not provide the Court with enough factual context to draw an inference of misconduct. (*Id.* at ¶ 44.) Although Plaintiff subsequently specifies in her Response to the Motion to Dismiss (Dkt. No. 23) that Kimberly Moore, a significantly younger employee, replaced her, which cannot be considered. *Fin. Acquisition Partners LP*, 440 F.3d at 289 ("Because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint.").

Furthermore, Plaintiff has failed to sufficiently allege that she was discharged because of her age. The only allegation Plaintiff sets forth in an effort to support the notion that she was discharged because of her age include "discriminatory comments and behaviors" where multiple board members referred to Plaintiff as "the old woman" which started around the date she became employed by Defendant. (Dkt. No. 1 at ¶ 13.) However, referring to Plaintiff as "the old woman"

is not sufficient in alleging that she was discharged due to her age because these comments started around at beginning of her hire date, do not relate to the decision to terminate employment, and make no mention of replacing older employees with younger recruits. *See Leal v. McHugh*, 731 F.3d 405, 413 (5th Cir. 2013) (holding that appellants successfully alleged termination was due to age discrimination when an official with decision-making authority stated that the department needed new blood). Plaintiff fails to allege that her age was the cause of her being terminated. As such, the Court dismisses the age discrimination claim.

### b. Discrimination and Failure to Accommodate Under the ADA

#### i. Discrimination Under the ADA

To establish a claim for discrimination under the ADA, a plaintiff must show: (1) she has a disability; (2) she is qualified for the job she held; and (3) that she was subject to an adverse employment decision on account of her disability. *E.E.O.C. v. LHC Grp., Inc.*, 773 F.3d 688, 695 (5th Cir. 2014) (citing *Zenor v. El Paso Healthcare Sys., Ltd.*, 176 F.3d 847, 853 (5th Cir. 1999)). Defendant argues that Plaintiff fails to allege facts that identify a disability, show Plaintiff was qualified for the job, and illustrate how the discrimination was because of her disability. (Dkt. No. 18 at 5-7.)

Defendant argues that Plaintiff only states she is disabled in a conclusory manner but fails to allege any facts identifying the disability. (Dkt. No. 18 at 6.) "Under the ADA, the term 'disability' means 'a physical or mental impairment that substantially limits one or more major life activities of such individual,' a 'record of such an impairment,' or 'being regarded as having such an impairment.'" *Aguirre v. W.L. Flowers Mach. & Welding Co.*, No. CIV.A. C-11-158, 2011 WL 2672348, at *2 (S.D. Tex. July 7, 2011) (quoting 42 U.S.C. § 12102(1)(A)-(C)). "The Fifth Circuit has dismissed actions for failure to state a claim when the nature of the plaintiff's disability was

not sufficiently alleged." *Id.*; *see Dark v. Potter*, 293 Fed. Appx. 254, 258–59 (5th Cir. 2008). "The possibility that Defendant is otherwise aware of Plaintiff's impairment does not relieve Plaintiff of the applicable pleading standards." *Aguirre*, 2011 WL 2672348, at *2.

Here, Plaintiff does not sufficiently allege the nature of her disability. Plaintiff merely states that she is "permanently disabled, under the tenets of the [Americans with Disabilities Act Amendments Act of 2008 and that Defendant] was aware of Plaintiff's disability at the time of hire." (Dkt. No. 1 at ¶ 8.) Plaintiff also alleges that she was not provided handicap parking after requesting it from the board. (*Id.* at ¶ 12.) Nowhere in Plaintiff's complaint does she describe the nature of her disability or her level of impairment. (Dkt. No. 1.) Plaintiff's claim that Defendant knew of her disability does not alleviate her from sufficiently alleging the nature of her disability. *See Aguirre*, 2011 WL 2672348, at *2. Plaintiff's failure to allege facts regarding the nature of her disability or the level of impairment prevents the Court from determining if Plaintiff is disabled under the ADA. *Id.* at *3 ("Without alleging the nature of his disability or level of impairment, it cannot be determined whether [p]laintiff is 'disabled' as that term is defined in the ADA, and [p]laintiff has therefore failed to state a claim."). As such, the Court dismisses the discrimination claim under the ADA.

### ii. Failure to Accommodate Under the ADA

To establish a failure to accommodate claim, a Plaintiff must show "(1) the plaintiff is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered employer; and (3) the employer failed to make reasonable accommodations for such known limitations." *Neely v. PSEG Texas, Ltd. P'ship*, 735 F.3d 242, 247 (5th Cir. 2013) (quoting *Feist v. La. Dep't of Justice, Office of the Att'y Gen.*, No. 12–31065, 740 F.3d 450, 452, 2013 WL 5178846, at *1 (5th Cir. Sept. 16, 2013)) (internal quotations omitted). Defendant argues

that Plaintiff fails to allege facts that identify a disability, that Defendant knew of Plaintiff's disability and its consequential limitations, and that Defendant failed to make reasonable accommodations. (Dkt. No. 18 at 7-9.)

First, Defendant argues that Plaintiff fails to specifically identify her disability and the resulting limitations. (*Id.* at 8.) As established, Plaintiff fails to allege facts regarding the nature of her disability or the level of impairment, which prevents the Court from determining if Plaintiff is disabled under the ADA. As such, the Court dismisses the failure to accommodate claim under the ADA.

### c. Racial Discrimination

Defendant claims that Plaintiff fails to state a claim for racial discrimination under Title VII. (*Id.* at 9.) To establish a claim for race discrimination, a plaintiff must show:

> (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group.

*Ernst v. Methodist Hosp. Sys.*, 1 F.4th 333, 339 (5th Cir. 2021) (quoting *Stroy v. Gibson on behalf of Dep't of Veterans Affs.*, 896 F.3d 693, 698 (5th Cir. 2018)) (internal quotations omitted). Specifically, Defendant argues that "Plaintiff fails to show that she was 'qualified for the position'[3] and Plaintiff fails to show she was treated less favorably than other similarly situated employees outside the protected group." (Dkt. No. 18 at 9.)

"To state a claim, [a plaintiff] must allege facts showing that these similarly situated employees outside his protected class were not only treated more favorably, but also that they were treated more favorable in nearly identical circumstances." *Reed v. Brady Trucking, Inc.*, No. CV

---

[3] It has already been established that Plaintiff has sufficiently alleged that she is qualified for the position.

H-18-4437, 2019 WL 1244100, at *11 (S.D. Tex. Mar. 18, 2019) (citing *Okoye v. Univ. of Texas Houston Health Sci. Ctr.*, 245 F.3d 507, 512 (5th Cir. 2001)). A failure to allege that "relevant comparators—[similarly situated employees outside the protected class]—'had the same job duties, shared the same supervisors, or had their employment status determined by the same individual'" were not treated more favorably is insufficient to create an inference that a plaintiff was discriminated against based on race. *Id.* at *10-11 (quoting *Wesley v. Scobee Foods, Inc.*, No. 12-1836, 2013 WL 3324092, at *5 (N.D. Tex. June 28, 2013)).

Defendant argues that Plaintiff fails to allege facts showing that "she was replaced by someone outside her protected group or was treated less favorably than other similarly situated employees outside the protected group" because there are no facts showing that Plaintiff's "co-workers held the same job responsibilities, shared the same supervisor or had their employment status determined by the same person, and have comparable violation histories." (Dkt. No. 18 at 10.) Here, Plaintiff, member of the African American protected class, alleges that "other similarly situated persons (all other Caucasian employees on [s]ite) were treated more favorably." (Dkt. No. 1 at ¶ 64.) Although Plaintiff asserts that other similarly situated Caucasian employees were treated more favorably, she fails to assert any factual allegations as to which employees, whether these employees held the same job responsibilities, shared the same supervisor, or had comparable violation histories. (*Id.*) Plaintiff fails to sufficiently allege that she was treated less favorably than other similarly situated employees outside the protected group. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). As such, the Court dismisses the racial discrimination claim under

Title VII.

### d. Hostile Work Environment

Plaintiff alleges that she was subjected to a hostile work environment based on her protected characteristics of being over forty years of age, disabled,[4] and African American. (*Id.* at ¶ 78.) Defendant claims that Plaintiff fails to state a claim of hostile work environment. (Dkt. No. 18 at 11.)

### i. Hostile Work Environment Under the ADEA

To establish a hostile work environment claim under the ADEA, a plaintiff must show that:

> (1) [s]he was over the age of 40; (2) [s]he was subjected to harassment, either through words or actions, based on age; (3) the nature of the harassment was such that it created an objectively intimidating, hostile, or offensive work environment; and (4) there exists some basis for liability on the part of the employer.

*Eng. v. Perdue*, 777 F. App'x 94, 98 (5th Cir. 2019) (citing *Dediol v. Best Chevrolet, Inc.*, 655 F.3d 435, 441 (5th Cir. 2011)).

Here, Defendant concedes that Plaintiff is over the age of forty. (Dkt. No. 18 at 3.) Next, Plaintiff has alleged that she was subject to harassment through words based on her age under the second element by stating, "[f]rom the time of hire, she experienced hostile work environment situations from many of her superiors, including a wide variety of discriminatory comments and behaviors towards her [including] referring to her as 'the old woman' - an affectation used by multiple Board members." (Dkt. No. 1 at ¶ 13.); *see Dediol*, 655 F.3d at 441 ("Dediol satisfies the

---

[4] Where a disability claim is dismissed due to a plaintiff's failure to allege a qualified disability, then it is unnecessary to address a hostile work environment claim under the ADA. *Fabela v. Corpus Christi Indep. Sch. Dist.*, No. 2:19-CV-387, 2020 WL 2576175, at *7 (S.D. Tex. May 21, 2020). Here, the Court has dismissed Plaintiff's claim for discrimination and failure to accommodate under the ADA for failure to state the nature of her disability. As such, the Court dismisses the hostile work environment claim under the ADA.

second prong of the analysis [by asserting] various incidents, many of which were witnessed [], which he claims were harassment [such as being] called names like 'old mother* * * * * *,' 'old man,' and 'pops.'").

To determine whether conduct is objectively offensive under the third element, "the totality of the circumstances is considered, including: (1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is physically threatening or humiliating, or merely an offensive utterance; and (4) whether it interferes with an employee's work performance." *McIntyre v. Tyson Fresh Meats, Inc.*, No. 2:20-CV-237-Z, 2021 WL 489224, at *4 (N.D. Tex. Feb. 10, 2021) (quoting *Dediol*, 655 F.3d at 441) (internal quotations omitted). First, Plaintiff has failed to state the frequency in which she was subjected to discriminatory comments and rather alleges that the comments started around the date she was hired by Defendant. (Dkt. No. 1 at ¶ 13.) Second, being called "the old woman" is not severe. *McIntyre*, 2021 WL 489224, at *4; *see Reed v. Neopost USA, Inc.*, 701 F.3d 434, 443 (5th Cir. 2012) (holding that incidental or occasional age-based comments, including references to an employee like "old man" and "old fart" were insufficient to support an age-based hostile-work environment claim). Third, Plaintiff has failed to allege that the comment was either threatening or humiliating. (Dkt. No. 1.) Fourth, Plaintiff has failed to allege that the comment affected her work performance. (*Id.*) Board members referring to Plaintiff as "the old woman" is not objectively offensive under the third element. As such, the Court dismisses the hostile work environment claim under the ADEA.

### ii. Hostile Work Environment Under Title VII

To establish a hostile work environment claim under Title VII, a plaintiff must show that:

> (1) the victim belongs to a protected group; (2) the victim was subjected to unwelcome harassment; (3) the harassment was based on a protected characteristic; (4) the harassment affected a term, condition, or privilege of employment; and (5) the victim's

> employer knew or should have known of the harassment and failed to take prompt remedial action.

*E.E.O.C. v. WC&M Enterprises, Inc.*, 496 F.3d 393, 399 (5th Cir. 2007). Defendant argues that "Plaintiff fails to show she was subject to unwelcome harassment based on her protected characteristic, that harassment affected a term or condition of Plaintiff's employment or that Defendant knew or should have known about the harassment." (Dkt. No. 18 at 11.)

"For harassment on the basis of race to affect a term, condition, or privilege of employment, as required to support a hostile work environment claim under Title VII, it must be sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). "To be actionable, the work environment must be both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so." *Chhim v. Univ. of Houston Clear Lake*, 129 F. Supp. 3d 507, 515 (S.D. Tex. 2015) (quoting *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 654 (5th Cir.2012)) (internal quotations omitted). "This standard requires extreme conduct, and 'simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment.'" *Martin v. Am. Midstream Partners, LP*, 386 F. Supp. 3d 733, 739 (E.D. La. 2019) (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)).

Here, Plaintiff fails to allege that the harassment affected a term, condition, or privilege of employment. The only allegation that Plaintiff asserts regarding harassment based on her race is that:

> [s]ometime in June of 2020, the Plaintiff was working on a Saturday sorting clothes at the facility. Ms. Szymczak saw an African American male outside of the building and demanded the Plaintiff

> come and address the situation. The Plaintiff went outside and saw that it was a local Pastor that had been donating fruits and vegetables weekly to the shelter. The Plaintiff confronted Ms. Szymczak about the incident, Ms. Szymczak stated, "I was not about to open the door. It was your people and I figured you would understand better."

(Dkt. No. 1 at ¶ 16.) In addition to this incident, Plaintiff alleges in a conclusory fashion that "this egregious treatment was on-going and pervasive throughout the tenure of her employment, [] was consistently reported to Human Resources [and these] conditions fundamentally altered the conditions of her employment." (*Id.* at ¶ 78.) Plaintiff only specifies one instance where the President of the Board of Directors, Ms. Szymczak, made a discriminatory comment about Plaintiff's race. (*Id.* at ¶ 16.) This allegation does not adequately rise a level of severity or pervasiveness to alter the conditions of Plaintiff's workplace because it is an isolated incident. As such, the Court dismisses the hostile work environment claim under Title VII.

      **e.  Retaliation Under the ADEA, ADA, and Title VII**

"To establish a prima facie case of retaliation, a plaintiff must show that (1) she participated in a [] protected activity, (2) she suffered an adverse employment action by her employer, and (3) there is a causal connection between the protected activity and the adverse action." *Stewart v. Mississippi Transp. Comm'n*, 586 F.3d 321, 331 (5th Cir. 2009) (citing *Aryain v. Wal–Mart Stores Tex. LP*, 534 F.3d 473, 484 (5th Cir. 2008)). "Courts analyze [] retaliation claims under Title VII, 42 U.S.C. § 1981, the ADEA, and the ADA using the same framework." *White v. Chevron Phillips Chem. Co., LP*, No. CV H-19-187, 2020 WL 13616522, at *6 (S.D. Tex. July 30, 2020). Defendant argues that Plaintiff fails to allege facts that show Plaintiff suffered an adverse employment action and that Plaintiff fails to allege facts to show a causal connection between any protected activity and the alleged adverse employment action. (Dkt. No. 18 at 14-15.)

"In the retaliation context, the standard for an adverse employment action is more flexible

than in the discrimination context." *White*, 2020 WL 13616522, at *7. "[A] plaintiff must show that a reasonable employee would have found the challenged action materially adverse, meaning it could have dissuaded a reasonable employee from making a charge of discrimination. *Id.* (quoting *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 68 (2006)) (internal quotations omitted). "The adverse employment action must be objectively and materially harmful, beyond petty slights or minor annoyances." *Id.* (quoting *Burlington N. & Santa Fe Ry.*, 548 U.S. at 68) (internal quotations omitted). Here, Plaintiff alleges that "her employer(s) carried out multiple adverse employment action(s) against her, including discrimination, harassment, and termination. (Dkt. No. 1 at ¶ 73.) Plaintiff has sufficiently alleged that she was subjected to an adverse employment action when Defendant terminated her employment. *White*, 2020 WL 13616522, at *14 (holding that the plaintiff's termination was an adverse employment action). However, Plaintiff fails to allege that discrimination and harassment occurred that rose to the level of "objectively and materially harmful." (Dkt. No. 1.)

Next, to "satisfy the causal link requirement of a Title VII retaliation claim, the employee must provide substantial evidence that but for exercising protected rights, she would not have been discharged." *White*, 2020 WL 13616522, at *7 (quoting *Wheat v. Fla. Parish Juvenile Justice Comm'n*, 811 F.3d 702, 705 (5th Cir. 2016)) (internal quotations omitted). "Close timing between an employee's protected activity and an adverse action against [her] may provide the causal connection required to make out a prima facie case of retaliation." *Id.* (quoting *Benfield v. Magee*, 945 F.3d 333, 337 (5th Cir. 2019)) (internal quotations omitted).

Here, Plaintiff alleges that the protected activity she engaged in was that she made multiple complaints about discrimination to the head of human resources, Rene Murphy, and requested to speak to the Board of Directors on numerous occasions. (Dkt. No. 1 at ¶ 14.) Specifically, Plaintiff

alleged that she complained about incidents involving discrimination to Rene Murphy in September 2019 and in June 2020 she complained to her executive directors and to the board. (*Id.* at ¶¶ 15-16.) Plaintiff further alleges that sometime in June 2022, "Plaintiff was offered an audience with the board after all the requests she had made to discuss years of harassment failure to accommodate, and discrimination from her superiors." (*Id.* at ¶¶ 21-22.) Plaintiff alleges that she was terminated on or about June 10, 2022. (*Id.* at ¶ 25.)

Plaintiff's complaints about discrimination in September 2019 and June 2020 do not create a plausible inference of a causal connection to her termination because they occurred more than twenty months prior to her termination. *Mulllenix v. Univ. of Texas at Austin*, No. 1:19-CV-1203-LY, 2021 WL 2172835, at *3 (W.D. Tex. Mar. 30, 2021) ("Because an approximately 20-month gap exists between Mullenix's protected activity and the alleged adverse compensation, the timing alone cannot permit a plausible inference of a causal connection."). Although Plaintiff alleges that she was "offered an audience with the board" sometime in June 2022, she does not allege that she expressed her complaints to the board at that time. (Dkt. No. 1 at ¶¶ 21-22.) Plaintiff fails to allege that there is a causal connection between her complaints to superiors and her termination. As such, the Court dismisses the retaliation claim.

## IV. LEAVE TO AMEND

"[R]egardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, 'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Bey v. DiNello*, No. 422CV00406ALMCAN, 2023 WL 2520584, at *4 (E.D. Tex. Feb. 21, 2023), *report and recommendation adopted*, No. 4:22-CV-406, 2023 WL 2499917 (E.D. Tex. Mar. 14, 2023) (quoting *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). Accordingly, the Court grants Plaintiff leave to amend her complaint within

fourteen days from the date of this order. The amended complaint must contain sufficient facts to state a plausible claim for age discrimination, discrimination or failure to accommodate under the ADA, racial discrimination, hostile work environment, and retaliation to satisfy Rule 12(b)(6). Failure to comply will result in dismissal of this suit with prejudice. If Plaintiff files an amended complaint, Defendant shall file a reply within twenty-eight days of this order. The Court cautions Plaintiff against filing a duplicate complaint which has not addressed the issues set forth in this memorandum opinion and order for the sake of refiling.

V. CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant's Motion to Dismiss (Dkt. No. 18), **DENIES AS MOOT** Defendant's Opposed Motion for Extension of Time to Reply to Plaintiffs Response in Opposition to Defendants Motion to Dismiss (Dkt. No. 24), and **GRANTS** Plaintiff **LEAVE TO AMEND**.

**SIGNED** in Houston, Texas on December 6, 2023.

Sam S. Sheldon
United States Magistrate Judge